UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT EDGAR HAMMERSLEY,

    Petitioner,

v.                                                              Case No. 14-C-1147

MICKI McCAFH,

    Respondent.

## SCREENING ORDER

On September 17, 2014, Robert Edgar Hammersley filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Brown County Circuit Court of operating while under the influence (OWI) (sixth offense) and was sentenced to three years imprisonment. Since petitioner has indicated he was released from prison on January 1, 2013 (see ECF No. 2 at 5), presumably he is on probation or parole. In any event, petitioner claims the state unlawfully used his prior convictions against him to secure the 2010 conviction and enhance his sentence. (Habeas Pet. at 1, 4, ECF No. 1.) Petitioner has also filed a motion for leave to proceed *in forma pauperis* and a motion for reconsideration in conjunction with his present petition. (ECF Nos. 2 and 3.) The motion to proceed *in forma pauperis* is granted because although the fee for filing a habeas action is only five dollars, petitioner has little to no financial resources.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases.

After reviewing the record, I conclude that I must dismiss the petition under 28 U.S.C. § 2244(b). Section 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner has already filed a habeas corpus petition in this court, indeed, essentially the same petition, challenging the same conviction and sentence, and that petition was dismissed on the ground of procedural default. *See* January 31, 2014 Screening Order at 2, Case No. 14-C-85, ECF No. 5. The instant petition is therefore a "second or successive" petition, and any claim petitioner presented in his prior habeas petition must be dismissed. *See Locklear v. Champagne*, No. 04-C-799, 2006

WL 3813563, at *1 (E.D. Wis. Dec. 26, 2006) ("A denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." (internal quotations and citations omitted)). Furthermore, even if petitioner raises new claims in the instant petition, I do not have jurisdiction to consider them absent authorization from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(2) and (3)(A).

Petitioner also filed a motion for reconsideration with his present petition. Petitioner requests that I reconsider my decision in the January 31, 2014 order (dismissing his prior petition) in which I denied his motion to appoint counsel. (*See* Pet.'s Mot. for Reconsid. at 1, ECF No. 3.) I already denied a motion for reconsideration in that case, and the instant motion is not only equally frivolous, but untimely as well. The motion is therefore denied.

Under Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, the district court must issue or deny a certificate of appealability when it enters a final order dismissing a petition. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has not demonstrated that his claims have any merit.

**THEREFORE, IT IS ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**, petitioner's motion for reconsideration is **DENIED**, the petition is **DISMISSED**, and a certificate of appealability will not issue. The Clerk is directed to enter judgment.

Dated this   23rd   day of September, 2014.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Judge