UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT EDGAR HAMMERSLEY,

    Petitioner,

v.                                                         Case No. 14-C-1147

MICKEY McCASH,

    Respondent.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Before the court is the respondent's motion to dismiss Petitioner Robert Edgar Hammersley's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has filed a response to the motion and the respondent has indicated it will not file a reply. For the reasons below, the motion to dismiss will be granted and this case dismissed.

In 1999, Petitioner pled guilty to and was convicted of operating while intoxicated (OWI) (third offense) and hit and run in Brown County Circuit Court (case no. 98CT1403). In 2003, he pled guilty to and was convicted of driving under the influence in an Arizona municipal court. In 2005, he pled guilty to and was convicted of OWI (fifth offense) in Brown County (case no. 05CF361). Finally, in 2010, after a jury trial, he was convicted of OWI (sixth offense) in Brown County (case no. 08CF1115). The circuit court sentenced Petitioner in case no. 08CF1115 to three years confinement and three years extended supervision, and Petitioner is currently on parole under this sentence.

In support of the present petition, Petitioner makes a number of arguments that need not be repeated here regarding the alleged invalidity of his 1999, 2003 and 2005 convictions. He claims

these unconstitutional prior convictions were illegally used to prove his guilt in the trial of case no. 08CF1115. The prior convictions were of course used because the charge in the 2008 case was sixth offense drunk driving. What he ultimately seeks in this court is the chance to investigate the circumstances surrounding the 1999 crime, which he claims arose out of an attempt on his life by a reckless driver that he says nearly ran him off the road. (*See* ECF No. 1 at 10, 31.)

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the United States Supreme Court held that relief under 28 U.S.C. § 2254 is generally unavailable to collaterally attack an expired prior conviction. That is what Petitioner seeks to do in this case. The first page of his petition states that he seeks "to challenge a prior conviction which was used to illegally enhance his current confinement and conviction." (Pet. at 1, ECF No. 1.) Petitioner has already served the sentences directly imposed under each of his prior convictions. Petitioner does not allege the state violated his rights in any way in obtaining the 2010 conviction other than by using the prior convictions, which he claims were themselves invalid for various reasons. As the *Coss* Court noted, however, habeas relief is "not available indefinitely and without limitation" and when the avenues for review of a judgment of conviction have expired, as they have in this case for Petitioner's prior convictions, the state has a strong interest in the finality and presumption of validity of judgments, including for use in relation to recidivist sentencing provisions. 532 U.S. at 403 (quotations omitted).

The *Coss* Court did recognize "an exception to the general rule for § 2254 petitioners that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.E.2d 799 (1963)." *Id.* at 404.

It is this exception that precluded the dismissal of the present petition at the screening stage because Petitioner asserted that his fourth OWI conviction was obtained in violation of his Sixth Amendment right to counsel. The circumstances of the fourth offense were not clear from the face of the petition. (ECF No. 16 at 3.) It is undisputed that Petitioner did have counsel for his third and fifth offenses, however, and therefore these expired prior convictions are unchallengeable under *Coss*.[1]

The respondent has since filed a motion to dismiss with some supplemental information that removes any doubt as to whether the exception the *Coss* Court recognized applies to Petitioner's fourth OWI conviction. It does not. According to a response to a separate § 2254 case Hammersley filed in the District Court of Arizona, his fourth offense occurred in 2001 in the United States–Mexico border town of San Luis, Arizona. After Petitioner failed to appear for a scheduled court hearing and a warrant was issued, Petitioner contacted the San Luis Municipal Court and indicated he wanted to plead guilty to the charges. (ECF No. 21-1 at 2.) A telephone hearing was apparently conducted on August 26, 2003 and the municipal court mailed Petitioner a letter with a guilty/no contest plea form, waiver of counsel form, waiver of trial form and right to apply for post-conviction relief and to set aside judgment of guilt. (*Id.* at 3.) Petitioner signed the forms in front of a notary public in Wisconsin and returned them. On October 29, 2003, the San Luis Municipal Court received the forms and sentenced Petitioner to one day in jail, with nine days suspended,

---

[1]The *Coss* Court also noted a possible exception to the rule that expired prior convictions cannot be collaterally attacked in a § 2254 petition for situations where the failure to obtain timely review of the constitutional claim at issue was not the claimant's fault, such as where the state court simply refused to rule on a presented constitutional claim or where the defendant obtains new and compelling evidence later on that shows he is actually innocent of the crime for which he was convicted. 532 U.S. at 405. Petitioner makes no such arguments in this case. Rather, he is seeking to use a § 2254 petition as a vehicle to discover evidence of his actual innocence of his third offense.

3

participation in an alcohol screening program and $1,216 in fines. (*Id.*)

The waiver of counsel form Petitioner signed states that he was charged with a class one misdemeanor under Arizona law and that he had the right to be represented by an attorney. (ECF No. 21-2 at 17.) The form also warned Petitioner of the dangers of proceeding without an attorney, warned Petitioner that he may be imprisoned if convicted of the crime charged and advised Petitioner that if he is indigent, an attorney would be appointed for him. The form further advised Petitioner that he may change his mind about having an attorney at any time by asking the judge to appoint one for him, but that he would not be entitled to repeat any part of the case already held without an attorney.

By signing the form, Petitioner waived his right to be represented by an attorney. That Petitioner signed the form and thus waived his right is an appropriate matter of judicial notice. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." (quoting 21 Charles Alan Wright & Kenneth W. Graham, Jr. *Fed. Prac. and Proc.: Evidence* § 5106, at 505 (1st ed. 1977 & Supp. 1997)). Petitioner does not dispute that he signed the form and waived his right, but claims he did not do so validly. A waiver of the right to counsel is valid if it is knowing, voluntary and intelligent. *Iowa v. Tovar*, 541 U.S. 77, 87 (2004). This requires that the defendant be "warned specifically of the hazards ahead" and "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing." *Id.* at 89 (quotations omitted). Petitioner has not explained in his filings in this court why his waiver was constitutionally invalid, but instead simply states that he "is waiting for the Arizona District Court to rule on his [§ 2254 petition in that court and that] [i]f the court rules . . .

4

there was an invalid waiver of counsel the petitioner would use that evidence in the courts in Wisconsin." (ECF No. 22 at 4.)

I conclude that Petitioner has failed to state a claim in this court under *Coss* whether his waiver was valid or not. It should be noted that it is not clear that his waiver was invalid under the U.S. Constitution—even if some states require an in-person colloquy to validly waive counsel in a criminal case, the U.S. Supreme Court has never held that mailing in a signed waiver of counsel form constitutes a violation of the Sixth Amendment. In any event, though, the exception in *Coss* was for cases where the prior conviction was obtained in violation of *Gideon v. Wainwright*. *Gideon* claims have a "special status" in the Supreme Court's case law. *Coss*, 532 U.S. at 404. The wavier of counsel form Petitioner signed clearly states that if he was indigent and if he so desired, a lawyer would be appointed for him. He has made no showing that he was indigent, but regardless, he declined to request an attorney and proceeded on his own. Additionally, even if the waiver of counsel was invalid, habeas relief would still not be warranted because the penalty for fifth and sixth offense OWI was the same at the time Petitioner was convicted in 2010. *See* Wis. Stat. §§ 346.63(1); 346.65(2)(am)5 (2007–2008). Therefore, the fourth offense, the only conviction challengeable under *Coss*, would not change the result of his fifth/sixth offense.

Petitioner is free to investigate the circumstances surrounding his prior convictions in hopes of finding evidence that he is actually innocent of those crimes. For the reasons above, however, Petitioner cannot challenge his expired prior convictions in this court simply because he is serving a subsequent sentence enhanced by those convictions. And this court certainly cannot utilize habeas review to somehow "investigate the circumstances surrounding his 3rd OWI conviction[,]" as Petitioner requests. (ECF No. 1 at 31.) The respondent's motion to dismiss is therefore granted,

5

this case is dismissed and the Clerk is directed to enter judgment accordingly. A certificate of appealability shall issue as to whether Petitioner can challenge his 2010 conviction based on the fact that he waived his right to counsel in regards to his fourth offense by mailing in a notarized waiver form.

Dated this   26th   day of March, 2015.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court